

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SALADIN MINUTELLO,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC, a Delaware Limited liability Company with a principal place of business in California<br><br>    Defendant | Civil Action No. 1:25-cv-00149-TDS-JLW<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

NOW COMES Plaintiff, Saladin Minutello ("Plaintiff"), by and through himself, files this first amended complaint against Defendants Google, LLC. (hereinafter "Defendant") alleges and states as follows:

**JURY TRIAL DEMANDED**

**INTRODUCTION**

- Plaintiff Saladin Minutello ( "Plaintiff") brings this action against Defendant Google, LLC ("Defendant") to recover damages for retaliation, harassment, and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and North Carolina law.

- Plaintiff alleges that Defendant engaged in a series of retaliatory and discriminatory actions that severely impacted his professional and personal life. This conduct included systemic territory manipulation, harassment, and the creation of a hostile work environment, ultimately resulting in

1

- Plaintiff's termination.

- Plaintiff seeks compensatory damages, punitive damages, and equitable relief to rectify the harm caused by Defendant's unlawful actions.

**PARTIES**

- Plaintiff Saladin Minutello is a resident of Cary, North Carolina, residing at 1249 Kildaire Farm Rd, #161, Cary, NC 27511. Plaintiff was employed by Defendant as a sales representative until his termination in May, 2024.

- Defendant Google, LLC is a Delaware limited liability company with its principal place of business in Durham, North Carolina. Defendant conducts substantial business operations in North Carolina and employed Plaintiff within this jurisdiction.

**JURISDICTION AND VENUE**

- This Court has jurisdiction over this matter pursuant to N.C.Gen.Stat.§7A-240 and Title VII of the Civil Rights Act of 1964.

- Venue is proper in Wake County under N. C. Gen. Stat. §1-82, as Defendant conducts business in this county and the events giving rise to this action occurred in this county.

**FACTUAL ALLEGATIONS**

- Plaintiff began his employment with Defendant as a full-time sales representative ("FTE") on or about 10/3/2023. During his tenure, Plaintiff consistently exceeded performance benchmarks until discriminatory practices undermined his ability to perform.

- Defendant created a hostile work environment through persistent harassment by Plaintiff's manager, Harry Nash, who made discriminatory remarks and engaged in

2

retaliatory behavior after Plaintiff raised concerns about unfair treatment.

- Plaintiff filed formal complaints with management and Human Resources ("HR") regarding the harassment, only to be met with inaction and retaliatory measures by upper management, including George Murdison, Grant Henderson, and Steve Hanson.

- In retaliation for his complaints, Defendant's management deliberately assigned Plaintiff to low-performing and economically disadvantaged territories, severely impacting his ability to meet sales targets. Specifically: a. High-performing territories were given to less experienced and less qualified employees.
b. Plaintiff was consistently assigned leads that had been previously "knocked" and given territories that had already been worked and/ or canvassed by other sales reps, these are also known as recycled territories.
c. Plaintiff's repeated requests for equitable lead distribution and quality assignments were ignored.

- Defendant manipulated Plaintiff's performance metrics by creating artificial barriers to success, including: a. Failing to address systemic issues raised by Plaintiff, such as lead quality and territory allocations. b. Implementing new training sessions in response to Plaintiff's complaints, creating a work environment filled with tension and hostility. c. Monitoring Plaintiff's activities disproportionately compared to his peers.

- The retaliatory and discriminatory actions culminated in Plaintiffs termination in 2024 under the pretext of poor performance.

- Defendant's conduct was intentional, malicious, and directly violated established workplace protections under federal and state law.

- Plaintiff's termination resulted in significant financial losses, severe emotional distress,

3

and reputational harm.

## LEGAL CLAIMS

### Count I : Retaliation in Violation of Title VII of the Civil Rights Act of 1964

Grounded in:

- *Burlington Northern & Santa Fe Railway Co.v.White*, 548 U.S. 53 (2006) –Retaliation under Title VII includes any action materially adverse to a reasonable employee.

- *Robinson v. Shell Oil Co.*, 519 U.S. 337(1997) – Retaliatory actions extend to post-employment.

- Plaintiff incorporates all preceding paragraphs as if fully set forth herein:

(Please See Next Page)

Plaintiff engaged in protected activity by reporting harassment, discrimination, and inequitable treatment to Defendant's management and HR.

- Defendant retaliated against Plaintiff by manipulating his territories, assigning him low-quality leads, and ultimately terminating his employment.

- Defendant's actions were materially adverse and designed to discourage Plaintiff from exercising his rights under Title VII.

- Defendants actions were malicious and intentional in an attempt to try and force plaintiff to quit and end his employment.

- Defendant's retaliatory actions constitute a violation of Title VII of the Civil Rights Act of 1964.

## COUNT II : Hostile Work Environment

Grounded in:

- *Meritor Savings Bank v. Vinson*, 477 U. S. 57 (1986) – Hostile work environments constitute actionable harassment under Title VII.

- *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993) – A hostile work environment must be sufficiently severe or pervasive.

- *Faragher v. City of Boca Raton*, 524 U.S.775(1998) – Employer liability for workplace harassment based on supervisory conduct.

- Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

- Defendant, through its managers and employees, subjected Plaintiff to severe and pervasive harassment that created a hostile work environment.

- Defendant Failed To Address Plaintiffs Complaints And Rectify Issues.

5

- Defendant's actions caused Plaintiff to experience significant emotional distress and professional harm.

## Count III: Discrimination in Violation of Title VII of the Civil Rights Act of 1964

Grounded in:

- *Price Water house v. Hopkins*, 490 U.S. 228 (1989) – Discrimination can involve stereotyped views of an employee's attributes.

- *Staub v. Proctor Hospital*, 562 U.S. 411 (2011) – Employer liability extends when adverse actions are influenced by bias.

- *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) – Plaintiffs are not required to plead a prima facie case of discrimination in complaints.

- *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015) – Employer knowledge of discrimination need not be direct.

- Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

- Defendant engaged in discriminatory practices by assigning Plaintiff to low-performing territories and failing to address his complaints about unfair treatment.

- Defendant's discriminatory actions adversely affected Plaintiff's employment conditions and opportunities, violating Title VII of the Civil Rights Act of 1964.

## Count IV : Intentional Infliction of Emotional Distress

Grounded in:

- *Twyman v. Twyman*, 855 S.W. 2d 619 (Tex.1993) – Established the elements of intentional infliction of emotional distress.

6

- [handwritten] Defendant placed Plaintiff in low income areas who could not afford the Google Fiber Service at $70 per month. These areas were receiving Government assistance for their internet svc. SM

- *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988) – Demonstrated the threshold for extreme and outrageous conduct causing severe emotional distress.

- *Guthrie v. Conroy*, 152 N.C. App. 15, 567 S.E. 2d 403 (2002) – Defined outrageous conduct within the context of workplace harassment.

- Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

- Defendant's conduct was extreme, outrageous, and intended to cause Plaintiff severe emotional distress.

- Defendant's actions, including retaliatory territory assignments, harassment, and unjust termination, caused Plaintiff to suffer significant mental anguish and emotional harm.

- Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

## DAMAGES

- As a direct result of Defendant's actions, Plaintiff has suffered : a. Lost wages, which has caused severe financial hardship; b. Emotional distress, including anxiety, depression, and mental anguish; c. Damage to his professional reputation; d. Out-of-pocket expenses and loss of future earning capacity. d. Impeding furtherance of career at Google as Plaintiff had a 3 – 5 year plan, which consisted of him obtaining his cybersecurity certificate (which has since been delayed due to termination, as Plaintiff was able to take advantage of Google's Cybersecurity Course Through Their Online Program, Coursera, For Free As A Google Employee) through Google and transitioning into a cybersecurity role within 6 months to 1 year.

- Plaintiff is entitled to punitive damages for Defendant's willful and malicious conduct.
- Defendants willful and malicious conduct caused Plaintiff to feel and become alienated from the group and team at Google Fiber, as he did not feel welcome, accepted or respected at Google Fiber.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- Award Plaintiff compensatory damages starting at the minimum amount of $120,000 or more if the court deems necessary. Minimum asking amount is very fair and reasonable in compensatory damages to cover 3 years of lost wages and benefits;

- Award Plaintiff damages for emotional distress in an amount to be determined at trial;

- Award Plaintiff punitive damages for Defendant's malicious conduct;

- Award Plaintiff the costs of this action, including reasonable attorney's fees;

- Grant such equitable relief as the Court deems just and proper to prevent further violations of Plaintiff's rights;

- Grant any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.
**Dated:** March 15th, 2025
Respectfully submitted,
**Saladin Minutello**

*[signature]*

1249 Kildaire Farm Rd, #161
Cary, NC 27511
**Pro Se Plaintiff**

**CERTIFICATE OF SERVICE**

    I certify that I, the undersigned, has served a copy of the foregoing upon the following party or parties by e-mail on _____ March 15th _____, 2025 to:

Matthew S. Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tron Street, Suite 950
Charlotte, North Carolina 28202.
Attorney for Defendant
GOOGLE FIBER, LLC
Respectfully submitted by:
Date: __March 15th__, 2025

                                                        Saladin Minutello